Filed 9/10/21  P. v. Dunn CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>EMANUEL DUNN JR.,<br><br>     Defendant and Appellant. | D078793<br><br><br><br>(Super. Ct. No. SCD264080) |

APPEAL from an order of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Emanuel Dunn, Jr., in pro. per.; and Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In June 2016, a jury convicted Emanuel Dunn, Jr. of second degree murder.  (Pen. Code,[1] § 187.)  The court found true a strike prior (§ 667, subds. (b)-(i)) and a serious felony prior conviction (§ 667, subd. (a)(1)).

---

[1]    All further statutory references are to the Penal Code.

Dunn was sentenced to an indeterminate term of 35 years to life in prison.

Dunn appealed and this court affirmed the judgment in *People v. Dunn* (Oct. 16, 2017, D070810) [nonpub. opn.].[2]

In June 2020, Dunn filed a pro. per. petition for resentencing under section 1170.95.  The court appointed counsel, received briefing, reviewed the record of conviction and denied the petition by written order.

In its order, the court found Dunn was not convicted on a felony murder theory and the jury was not instructed on liability based on the doctrine of natural and probable consequences.  The court found the record of conviction established Dunn was convicted as a direct aider and abettor who was a major participant in the killing.  Thus, the court found Dunn was not eligible for resentencing under section 1170.95.

Dunn filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to review the record for error as mandated by *Wende*.  We offered Dunn the opportunity to file his own brief on appeal. After several delays, Dunn filed a supplemental brief.  We will discuss his submission later in this opinion.

STATEMENT OF FACTS

The facts of the underlying offense are set forth in our prior opinion. We will not repeat them here.  (*People v. Dunn, supra*, D070810.)

---

2    We grant Dunn's request to take judicial notice of our records in case No. D070810.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issues that were considered in evaluating the potential merits of this appeal.

1. Whether Dunn was found guilty of felony murder or natural and probable consequences murder, if not, whether section 1170.95 applies.

2. Whether the trial court may rely on the record of conviction to support its determination that Dunn is not statutorily eligible for section 1170.95 relief because he acted with implied malice and whether any error in considering the underlying record at the prima facie stage was harmless in light of the absence of any jury instruction that would have permitted a murder conviction on a theory invalidated by Senate Bill No. 1437.

In his supplemental brief, Dunn does not raise any issues regarding the appeal from the denial of his petition for resentencing. Instead, Dunn complains about his original trial in 2016. He complains about the jury selection process and about discovery issues. Since the trial court in reviewing Dunn's petition considered the record of conviction, Dunn concludes that reopens the 2016 trial for a second appellate review. He is wrong. This appeal and the record supporting it concerns the trial court's denial of Dunn's petition, we have already reviewed the original trial and affirmed the judgment. If Dunn wishes to challenge his 2016 conviction any further he will have to seek review in the trial court by way of a petition for habeas corpus. Dunn's supplemental brief does not raise any arguable issues for reversal on the present appeal. Dunn's request to replace appellate counsel is denied.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dunn on this appeal.

## DISPOSITION

The order denying Dunn's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

DATO, J.